IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
ex rel. Antonio Gutierrez,

        Plaintiff,

vs.                                                    No. CIV 03-920 MV/LFG

PERSONS HOLDING OFFICE AS
PUBLIC OFFICERS WITHIN THE
STATE GOVERNMENT OF THE
STATE OF NEW MEXICO, THE
LEGISLATIVE, EXECUTIVE AND
JUDICIAL DEPARTMENTS OF
UNITED STATES GOVERNMENT,
WHO WERE ALSO LICENSED TO
PRACTICE LAW UNDER RULES
CREATED, PROMULGATED AND
ENFORCED BY THE OFFICERS
ASSIGNED DUTIES WITHIN THE
NEW MEXICO SUPREME COURT,

        Defendants.

## MEMORANDUM OPINION
## RECOMMENDING DISMISSAL[1]

THIS MATTER comes before the Court on the United States' Suggestion of Dismissal of

False Claims Act Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim

---

[1]This matter was referred to the undersigned magistrate judge pursuant to the Court's Order Designating United States Magistrate Judge [Doc. 2].
    Within ten (10) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendation.

[Doc. 5]. Relator Antonio Gutierrez ("Gutierrez") filed a Response [Doc. 7] on July 12, 2004.[2] No Reply by the United States is necessary. The Court has considered the United States' suggestion, as well Gutierrez's Response in opposition, and determines that oral argument is not necessary. For the reasons hereafter stated, the Court recommends that the United States' Suggestion be granted and that Gutierrez's lawsuit be dismissed with prejudice.

## Background

This case has a convoluted procedural history, but resolution of the United States' Suggestion of Dismissal is relatively simple and turns on principles of *res judicata.*

Gutierrez filed his complaint in this matter on August 5, 2003. In it, he characterized his claim as a Qui Tam suit, and as jurisdictional grounds for the complaint cited the False Claims Act, 31 U.S.C. § 3729 *et seq*. He named as defendants all "persons holding office as public officers within the state government of the State of New Mexico, the legislative, executive and judicial departments of United States government, who were also licensed to practice law under rules created, promulgated and enforced by the officers assigned duties within the New Mexico Supreme Court." [Complaint, Doc. 1, Caption].

Gutierrez claims that Defendants submitted false claims to the United States government, violated antitrust law, and have otherwise engaged in unconstitutional acts by taking salaries as public officials while licensed as lawyers. Gutierrez further asserts that the State, through illegal "tying agreements" with the American Bar Association and the New Mexico State Supreme Court is denying all unlicensed lay citizens the right to engage in a profession of their choice, that is, the practice of law, based on nothing more than these citizens' failure to have a law degree or license to

---

[2]Gutierrez purports to bring this *qui tam* lawsuit on behalf of the United States of America.

practice law. Gutierrez does not contend that he, as a *pro se* litigant, has ever been denied the right to represent his own interests in court. Instead, he contends that the illegal "tying agreements" deny him and similar situated untrained and unlicensed individuals the right to practice law in New Mexico and elsewhere.

In his certificate of service included with the complaint, Gutierrez stated that he served the complaint in this case on the United States (he does not give a date) by mailing it to the Office of the United States Attorney General "rather than the United States Attorney for the District of New Mexico on the ground the latter is a defendant." [Doc. 1, at 10].[3]

Aside from an order in February 2004 by the U.S. District Judge assigned to this case, referring the matter to the undersigned U.S. Magistrate Judge for a recommended disposition, no action was taken in the case until May 28, 2004. On that date, the United States filed an Ex Parte Status Report [Doc. 3]. In this Report, the United States, through attorney Jay D. Majors ("Majors") on behalf of Assistant Attorney General Peter D. Keisler of the Civil Division of the Department of Justice in Washington, D.C., stated as follows:

Majors confirmed that a copy of the complaint was indeed served on the United States, presumably to the Department of Justice in Washington, D.C., in August 2003. However, the copy was unsigned and did not have a case number or a file stamp from the Court. Based on a series of misunderstandings, to which the United States did not contribute, it appeared to the United States that Gutierrez had never filed a complaint in this matter.

On October 23, 2003, Majors wrote to Gutierrez, informing him that the Clerk's Office told

---

[3]The False Claims Act, § 3730(b)(2), requires that a Relator effect service of process on both the United States Attorney General and the United States Attorney in the district where the action was filed. Gutierrez failed to comply with this service of process requirement.

3

him it had no record of his complaint and that, unless Gutierrez informed them otherwise, the United States would consider the matter closed. Majors states that Gutierrez did not confirm that the complaint in this case had been filed, even though it had. Instead, on November 17, 2003, Gutierrez filed a second complaint, nearly identical to the complaint in this case, and thereby commenced a new action, United States ex rel. Gutierrez v. Persons Holding License to Practice Law, et al., Civ. No. 03-1320 MV/LFG.

Meanwhile the United States, unaware that the present case was "live," proceeded to litigate cause Civ. No. 03-1320. It requested that the seal be lifted in that case, and the request was granted by the Court in an order dated April 7, 2004. On March 16, 2004, the undersigned Magistrate Judge, to whom cause No. 03-1320 had also been referred, recommended that the United States' Suggestion of Dismissal be granted in that case, citing numerous legal deficiencies. The recommendation was adopted by the assigned District Judge in an order dated April 16, 2004, after consideration of Gutierrez's objections and the United States' reply.

On June 16, 2004, Judgment was entered in Civ. No. 03-1320 in favor of defendants on all claims, and the case was dismissed with prejudice. The Court also rejected Gutierrez's contention that it was improper for any judge in this district, or presumably anywhere else, to issue a decision in this case, since all judges are licensed attorneys and therefore "named defendants." The Court cited the "rule of necessity" under which a judge, even though he or she may have an interest in the outcome of litigation, has a duty to hear and decide a case if it cannot otherwise be heard. United States v. Will, 449 U.S. 200, 101 S. Ct. 471 (1980); Williams v. United States 240 F.3d 1019 (Fed. Cir. 2001).

The District Judge cited the following grounds in her order of dismissal in Civ. No. 03-1320:

The complaint fails to plead the essential elements for a false claim under 31 U.S.C. §

3729(a)(1);

The complaint fails to state a claim to the extent it contends that the State of New Mexico has been defrauded by licensed attorneys, because the False Claims Act extends only to frauds committed against the United States;

The complaint fails to satisfy the requirements of Fed. R. Civ. P. 9(b), which requires that allegations of fraud be pled with particularity;

Gutierrez failed to comply with provisions of the False Claims Act requiring that the complaint be served on the Attorney General, as well as the United States Attorney in the district where the complaint is filed;

To the extent Gutierrez named as defendants elected or appointed State officers who hold their positions as a result of being licensed attorneys, he is attempting to sue State public officials in their official capacity – the equivalent of a suit against the State – and states are not "persons" subject to suit under the False Claims Act;

To the extent Gutierrez named as defendants elected or appointed federal authorities who hold law licenses, he is attempting to sue federal public officials in their official capacity – the equivalent of a suit against the federal government – and the United States has not consented to be sued and is therefore immune from suit;

The complaint fails to state a claim insofar as it invokes the Sherman Antitrust Act as courts and legislators are immune from liability for exercise of their authority to license attorneys and regulate the practice of law, and are not subject to antitrust liability with respect to such activities.

Gutierrez did not appeal the Court's dismissal of the lawsuit. Indeed, Gutierrez stated in a pleading [Doc. 37], filed after the Order of Dismissal was entered, that he intended to pursue his claims by way of extraordinary writ in the United States Supreme Court.

The present litigation picked up again when the United States filed its Suggestion of Dismissal [Doc. 5] in this case, along with a Suggestion to Lift Seal. The Court agrees with the United States' position that the proceedings in Civ. No. 03-1320 are *res judicata* of the present case and therefore finds that this case must likewise be dismissed with prejudice.

5

**Discussion**

In its Suggestion, the United States urges several grounds for dismissal. The Court agrees with the first posited ground, that the complaint herein is barred by *res judicata*, a doctrine which is necessary to the fair and efficient operation of the court system. Under the principle of *res judicata*, a prior judgment on the merits in one lawsuit will bar consideration of another suit involving the same parties, or their privies, based on the same cause of action. Montana v. United States, 440 U.S. 147, 153, 99 S. Ct. 970, 973 (1979). "The doctrine of *res judicata* bars relitigation of issues that were or could have been raised in the first action." Ten Mile Indus. Park v. Western Plains Serv. Corp., 810 F.2d 1518, 1522-23 (10th Cir. 1987).[4]

In order for *res judicata* to apply, three elements must be present: (1) the first suit must have proceeded to a final judgment on the merits; (2) the parties must be identical or in privity; and (3) the suits must be based on the same cause of action. Clark v. Haas Group, Inc., 953 F.2d 1235, 1236 (10th Cir. 1992). The Court finds that all three of these elements have been satisfied.

An examination of the complaints in these two cases reveals that they are, in almost every respect, identical. The United States characterizes these differences as "some inconsequential changes to the phrasing of the caption of the case and some immaterial revisions to the body of the Complaint, primarily in the 'Introduction' section." [Doc. 5, at 6]. This characterization is accurate.

---

[4] The related doctrine of collateral estoppel has a similar preclusive effect. That doctrine provides that, "once a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." United States v. Mendoza, 464 U.S. 154, 158, 104 S. Ct. 568, 571 (1984). A litigant who has been afforded a full and fair opportunity to litigate an issue will be collaterally estopped from re-litigating the same issue in a different lawsuit. Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 328-30, 99 S. Ct. 645, 649-51 (1979). *Res judicata* has been described as "claim preclusion" and collateral estoppel as "issue preclusion." United States v. Mendoza, *supra*, 464 U.S. at 158 n.3.

The caption in cause Civ. No. 03-1320 names as Defendants, "Persons holding license to practice law, and persons holding public office in the State of New Mexico and the United States who were qualified to do so by holding license to practice under political authority of court rules produced by public officers with duties in the Supreme Court of the State of New Mexico."

The caption in the present case names as Defendants, "Persons holding office as public officers within the state government of the State of New Mexico, the legislative, executive and judicial departments of United States government, who were also licensed to practice law under rules created, promulgated and enforced by the officers assigned duties within the New Mexico Supreme Court."

Although the captions are worded a bit differently, the Court finds that the group of defendants in both cases is actually the same. In each complaint, Gutierrez purports to sue persons who hold license to practice law while serving as public officers of the State of New Mexico or the United States. In addition, the two complaints use identical language in their respective sections labeled "Parties," in which Gutierrez describes the defendants in detail. [Complaint in Civ. No. 03-1320, at ¶¶ 4-5; Complaint in Civ. No. 03-920, at ¶¶ 4-5].

A party may not avoid the effects of *res judicata* or collateral estoppel by simply naming a different defendant while bringing the same claim, Parklane Hosiery Co., Inc. v. Shore, *supra,* 439 U.S. at 329; nor by bringing the same claim under a different legal theory. Clark v. Haas Group, Inc., *supra.* The Court finds that, even though the captions of the two complaints are worded somewhat differently, Gutierrez intended to bring these two actions against the same defendants.

As Defendant points out, there are also some minor differences in the language of the introductory paragraphs of the two complaints. The complaint in the present action alleges in its

7

Introduction that defendants:

> have defrauded the United States as addressed by 18 U.S.C. § 371 and upon accepting appointments or elective offices either in the New Mexico Government or the United States Government during relevant periods while authorized unconstitutionally and statutorily to practice law before some defendants in state and federal courts under rules created, promulgated, interpreted, and enforced by other defendants assigned duties as justices of the New Mexico Supreme Court or as judges of state courts of general jurisdiction.

[Complaint, Doc. 1 at ¶ 1].

The Introduction to the complaint in Civ. No. 03-1320 includes additional allegations regarding antitrust violations but also encompasses the same charge as that raised in the earlier case: *i.e.*, that defendants have defrauded the State of New Mexico and the United States "while authorized unconstitutionally to practice law . . ." and that:

> [t]hose accepting appointments to or accepting elective offices in the New Mexico Government or the United States Government based upon the prior qualification of being licensed to practice law in the State of New Mexico during relevant periods did so deceptively . . . [and] the excluded People of New Mexico involuntarily came under control of rules unconstitutionally and politically created, published, promulgated, interpreted, and enforced by other defendants assigned duties as justices of the Supreme Court of New Mexico or as judges of state courts of general and appellate jurisdiction.

[Complaint, Civ. No. 03-1320, at ¶ 1].

The Introductions in both complaints go on to state, in identical language, that persons (such as Defendants) who knowingly submit false claims to the United States are liable for a civil penalty of up to $10 million for each claim submitted, plus three times the amount of damages sustained by the government; that persons (such as Gutierrez) having information regarding a false claim may bring an action to share in the recovery; and that Gutierrez, as relator, is seeking to recover his share of the

8

penalties and damages. [Complaint, Civ. No. 03-1230, at ¶¶ 2-3; Complaint in Civ. No. 03-920, at ¶¶ 2-3].

As noted above, the next two paragraphs, 4-5, are identical in their descriptions of the parties to the respective suits. The jurisdictional statements (¶¶ 6-8 in both complaints) are substantially similar as well, the complaint in Civ. No. 03-1320 containing some additional statements which do not appear in the complaint in Civ. No. 03-920.

The remainder of the complaint in Civ. No. 03-920 is worded identically, with very minor changes, to that in Civ. No. 03-1320. *See*, in each complaint: ¶¶ 9-15 ("General Allegations"); ¶¶ 16-23 ("Count I: Substantive Violations of the False Claims Act"); ¶¶ 23-29 in Civ. No. 03-290 and ¶¶ 24-30 in Civ. No. 03-1320 ("Count II: False Claim Conspiracy").

The respective Prayers of the two complaints are worded somewhat differently, but similar relief is requested in both, including: an injunction directing defendants to "cease and desist from violating" certain federal statutes; a request that the Court enter judgment against defendants for treble damages and civil penalties under the False Claims Act; that Gutierrez be awarded all costs and expenses of the action; a request that the United States, the State of New Mexico and Gutierrez receive such other relief as the Court deems proper; and a demand that Defendants – that is, all persons employed by the state or federal governments who are also licensed attorneys – be removed from office and prevented from holding public office in the future. The complaint in Civ. No. 03-1320 includes additional requests for relief; however, all relief requested in the present case was also requested in Civ. No. 03-1320, and that relief has been denied.

The Court finds that Gutierrez is pursuing the same claims, against the same parties, in Civ. No. 03-920 as he attempted to bring in Civ. No. 03-1320. The claims in Civ. No. 03-1320 having

9

been dismissed with prejudice to failure to state a claim, he cannot now raise them again.

## Conclusion

The doctrines of collateral estoppel and *res judicata* are meant to promote the following laudable objectives: to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411, (1980).

Gutierrez had a full and fair opportunity to present his claims in Civ. No. 03-1320 and the Court ruled against him in that case, on the merits of the very issues he attempts to raise in this action. That case was dismissed with prejudice, *res judicata* applies, and the Court finds that, for the reasons exhaustively treated in the prior litigation, this action should likewise be dismissed.

The Court further finds that the "rule of necessity" requires resolution of this case by judges of this district, even though all such judges are within the category of defendants described in Plaintiff's caption as "persons holding office as public officers within the . . . judicial department[] of the United States government, who were also licensed to practice law . . .." United States v. Will, *supra*.

## Recommended Disposition

The Court accepts the United States' Suggestion of Dismissal [Doc. 5] and recommends that the complaint be dismissed with prejudice.

_____
Lorenzo F. Garcia
Chief United States Magistrate Judge